UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

RHODE ISLAND HOUSING AND
MORTGAGE FINANCE CORPORATION,

     Plaintiff,

v.

PARKVIEW ADVANCE, LLC, TRUE
NORTH, INC., AND FRESH FUNDING
SOLUTIONS, INC.

     Defendants.

Civil Action No.: 3:26-cv-00530

## COMPLAINT FOR INTERPLEADER

Plaintiff, Rhode Island Housing and Mortgage Finance Corporation ("RIHousing"), brings

this action for interpleader relief pursuant to 28 U.S.C. § 1335 to require the Defendants in

Interpleader True North, Inc., Parkview Advance, LLC, and Fresh Funding Solutions, Inc. to

assert and litigate their claims to the sum of $14,166.00 (the "Funds") held by RIHousing.

## PARTIES

1.  Rhode Island Housing is a foreign non-profit corporation organized under the

laws of the State of Rhode Island with a principal place of business in Rhode Island.

2.  Defendant True North, Inc. is a foreign corporation organized under the laws of the

State of New York with a principal office located at 515 Madison Avenue, Suite 883, New York,

New York.

3.  Defendant Fresh Funding Solutions, Inc, is a foreign business corporation

organized under the laws of the State of Delaware with its principal office located at 317 George

Street, Suite 320, New Brunswick, New Jersey.

4.      Parkview Advance, LLC is a foreign limited liability company organized under the laws of the State of Delaware with a principal place of business located at 600 Summer Street, Stamford, Connecticut.

5.      Upon information and belief, Parkview Advance, LLC is a single-member limited liability company whose sole member, Matt Walsh, resides in the State of Connecticut.

## JURISDICTION

6.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1335 as the amount in controversy exceeds $500.00 and two or more defendants who have and/or may claim entitlement to the Funds are of diverse citizenship.

7.      Venue in this judicial district is proper under 28 U.S.C. § 1397 because at least one defendant with claims to the Funds resides in the State of Connecticut.

## FACTS

8.      On or about October 6, 2025, RIHousing and True North, Inc. executed a document titled "Agreement for Services," wherein RIHousing agreed to pay True North, Inc. for the services outlined in the document titled "Statement of Work No. 1," dated October 6, 2025, which was incorporated by reference into the Agreement for Services (collectively, the "Contract").

9.      True North, Inc. issued invoice dated January 30, 2026 to RIHousing for $7,083.00 pursuant to the Contract.

10.     True North, Inc. also issued invoice dated March 18, 2026 to RIHousing in the amount of $7,083.00 pursuant to the Contract.

11.     The total held by RIHousing owed to True North, Inc. is $14,166.00.

2

12. On February 17, 2026, Parkview Advance, LLC asserted a claim against the Funds pursuant to UCC § 9-607(a)(1) and UCC § 9-406(a), and demanded that RIHousing turnover all funds owed to True North, Inc.

13. Parkview Advance, LLC expressly threatened to take legal action against RIHousing if it did not comply with its request.

14. On March 19, 2026, Fresh Funding Solutions, Inc. placed RIHousing on notice of a lien it asserted against True North, Inc. under the Uniform Commercial Code.

15. Fresh Funding Solutions, Inc. claimed that it is entitled to all future payments held by RIHousing that are owed to True North, Inc.

16. Fresh Funding Solutions, Inc. demanded that RIHousing hold all future monies for the benefit of True North, Inc. in its possession, which include the Funds, until further notice.

**COUNT I**
**STATUTORY INTERPLEADER AGAINST ALL DEFENDANTS**

17. RIHousing realleges and incorporates all its preceding allegations as if fully set forth herein.

18. Competing claims have been made to the Funds by and/or claims to the Funds are available to all or part of the Defendants, True North, Inc., Parkview Avenue, LLC, and Fresh Funding Solutions, LLC.

19. As a result, a dispute exists among the Defendants True North, Inc., Parkview Avenue, LLC, and Fresh Funding Solutions, LLC regarding the proper distribution of the Funds.

20. RIHousing, claims no title to or interest in the Funds, and is ready and willing to pay the Funds to the entity or entities entitled to it, but RIHousing is unable to make that determination without exposing itself to double or multiple liability because of the competing claims made by or available to the interested parties.

21.     RIHousing has no means other than this interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and possible multiple litigation concerning the Funds.

22.     RIHousing has not in any respect colluded with any of the interested parties or anyone else concerning the matters in this action.

23.     RIHousing claims no beneficial interest in the Funds and is a mere holder.

24.     RIHousing is ready, willing and able to disburse the Funds and, upon order of the Court, will disburse the net value of the Funds in the amount of $14,166.00 with the Court in the manner specified by the Court.

**WHEREFORE,** RIHousing requests that the Court grant the following relief:

A.      That each of the Defendants be restrained from instituting any action against RIHousing related to the recovery of the Funds;

B.      That the Funds be accepted into the registry of this Court to be held in an interest-bearing account for future disbursement according to the judgment entered by this Court;

C.      That the Defendants be required to assert their respective claims to the benefits paid into the registry of the Court and to litigate between or amongst themselves their respective rights or claims to the proceeds;

D.      That the Defendants be required to plead and settle among themselves their rights to the Funds;

E.      That the Court adjudicate the correct payee or payees for the Funds and direct the Clerk of this Court to disburse the Funds in accordance with the Court's adjudication;

F.      That RIHousing be discharged from all liability regarding the Funds;

G.      That RIHousing be awarded its reasonable costs, including attorneys' fees, and that

this amount be deducted from the Funds;

      H.      That RIHousing be dismissed from this matter with prejudice; and

      I.      Such further relief as the Court may deem appropriate.

Dated: April 7, 2026

> Plaintiff,
> RHODE ISLAND HOUSING AND
> MORTGAGE FINANCE CORPORATION,
> By its Attorneys,
>
> */s/Christopher J. Yagoobian*
> Christopher J. Yagoobian (#ct31156)
> Adler Pollock & Sheehan, P.C.
> 100 Westminster Street, 16th Floor
> Providence, Rhode Island 02903
> T: 401-274-7200
> cyagoobian@apslaw.com

5